MICHAEL HAYES, Appellant, v. ROBERT TYLER, ROAD SUPERVISOR, Appellee.

Highways : VACATION: ADVERSE POSSESSION. The board of supervisors of a county having, upon the petition of the plaintiff and others, ordered the vacation of a road on the section line running through the plaintiff's land, upon condition that the plaintiff dedicate to the public a right of way fifty feet wide upon the part of the line thus vacated, free of all cost to the county for ground and fencing, which right of way should be opened for use by the public whenever a road should be established upon said section line to the east and west of the plaintiff's land, the plaintiff deeded to the county such right of way, but provided, in the deed, that when said highway should be opened the fences thereon should be erected and maintained without expense to the plaintiff. *Held*, that the plaintiff's deed to the county not being in accord with the conditions imposed by the order vacating the road, and there being no evidence that the deed in the form in which it was made had ever been accepted by the county, the plaintiff's use and occupation of said road for more than ten years would not support a title by adverse possession as against the county. That the board of supervisors, moreover, had no authority to order the vacation of said road in exchange for a mere right of way for use when certain other roads should be established.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

SATURDAY, MAY 14, 1892.

ACTION in equity to restrain the defendant from opening a highway. There was a hearing on the merits, which resulted in a judgment in favor of the defendant. The plaintiff appeals.—*Affirmed.*

*John W. Slater,* for appellant.

*Joe A. Edwards,* for appellee.

ROBINSON, C. J.—The plaintiff is the owner of the south half of the the southeast quarter of section 17, and the north half of the northeast quarter of section 20, in township 78, north, of range 2 west, in Johnson county. Prior to the year 1876 a highway was duly established on the boundary line between those sections, known as the "Hobart Road." A petition having been presented to the board of supervisors of Johnson county, asking that the part of the road on the boundary line between the sections named be vacated, the board, on the thirteenth day of January, 1876, took action as follows:

"In the matter of the vacation of part of the Hobart road, in Pleasant Valley township, it is ordered, on motion, that the part of said road lying west of the Cherry road, and as described in the petition of Michael Hayes and others, be, and is hereby, vacated, on the condition that Michael Hayes dedicate a right of way not less than fifty feet in width on that part of the line herein conditionally vacated, and as set forth in the petition, free of all costs for ground and fencing; which dedication, in writing, shall be recorded by said Hayes in the recorder's office of Johnson county; which right of way shall be opened and used by the public whenever a road shall have been established, as provided by law,

on the section line between sections sixteen and twenty-one on the east, and the section line between seventeen and twenty, a distance of one-half mile west of land owned by said Hayes.''

A few days later the plaintiff executed a deed, as follows:

"Know all men by these presents, that I, Michael Hayes, of Johnson county, state of Iowa, in consideration of one dollar in hand paid by the county of Johnson, state of Iowa, do hereby sell, quit claim, and release unto the said county of Johnson a right of way fifty feet in width on the section line between the south half of the southeast quarter of section seventeen, and the north half of northeast quarter of section twenty, township seventy-eight, range five, for the use of the citizens of Johnson county, for the purpose of a highway; this conveyance being made in accordance and compliance with the conditions provided by the board of supervisors of said county, in the matter of the vacation of part of the Hobart road; provided, however, and this deed is upon the express conditions, that said right of way shall remain closed, and the public shall have no right or privilege of using the same, until such time as there shall have been established and opened a public highway suitable for public use of public along said section line between the south half of southwest quarter of said section seventeen, and north half of northwest quarter of section twenty, and on the section line between sections sixteen and twenty-one, said township and range, the entire distance, including said right of way here granted of two miles. This grant is made without cost to said county, and, when said highway shall have been opened and established as herein provided, the fences to be erected and maintained shall be without expense to said grantor. Signed this twenty-fifth day of January, A. D. 1876.    MICHAEL HAYES.''

The plaintiff alleges in his petition that he took possession of the part of the road vacated in January, 1876; that he fenced and has used and farmed it with other land since that time, under a possession and claim of right adverse to the public; that the public has not traveled nor made claim to the road since the year 1871; and that he has occupied and held it adversely since that date; that no steps have been taken to open and establish the remainder of the road between sections sixteen and twenty-one and that the defendant, as road supervisor, threatens to open the vacated portion of the road. An injunction restraining him and his successors in office from opening that portion of the road is asked.

It is neither shown nor claimed that the plaintiff had acquired any right to the land occupied by the highway prior to the year 1876 adverse to the public. Therefore we are only required to consider the effect of the action taken by the board of supervisors to vacate the road, the deed of Hayes to the county, and the subsequent use and occupation of the road. The evidence shows that it has been occupied and used by the plaintiff for farming purposes since January, 1876, as it was for some years prior to that date, but it is not shown that the occupation and use were adverse to the public. The vacation of the road attempted by the board was not absolute, and was to take effect on condition that Hayes should dedicate a right of way not less than fifty feet in width, on the part of the line conditionally vacated, "free of all costs for ground and fencing," which should be opened for the use of the public when a highway on other parts of the line should be established. Hayes has never complied with the condition. The deed which he executed provided that the fences were to be erected and maintained without expense to him. It does not appear that the

board has attempted to give its assent to the modification, while it does appear that in April, 1889, it directed that the road be opened and worked. The possession of Hayes was not, therefore, held under the attempted settlement, and it does not appear that he ever denied the right of the road supervisor to open and work the road after the action of the board, in 1876, until this action was commenced. The petition of the property owners asked that the road be vacated, not that it be exchanged for a mere right of way, to be used when certain other roads should be established. The law did not authorize a transaction of that kind. The board had power to vacate the road unconditionally, if in their judgment that was required for the public good. Code, section 946. But it is evident from their action that they were of the opinion that the public good did not require such a vacation, and the adjustment of the matter they attempted did not affect the right of the public and public officers to treat the road as still existing.

The judgment of the district court is AFFIRMED.